UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------------- x
:
:
IN THE MATTER OF THE APPLICATION OF   :   Miscellaneous Action No. _____
WP COMPANY LLC d/b/a THE              :
WASHINGTON POST FOR ACCESS TO         :   ORAL HEARING REQUESTED
CERTAIN SEALED COURT RECORDS          :
:
:
------------------------------------------------------------- x

## MOTION FOR PUBLIC ACCESS TO CERTAIN SEALED COURT RECORDS

WP Company LLC d/b/a The Washington Post (the "Post"), by and through its undersigned counsel, for the reasons stated herein and in the accompanying Memorandum of Points and Authorities in support hereof, respectfully moves the Court pursuant to Local Criminal Rule 57.6, for an Order unsealing the sealed court records docketed in the criminal case captioned *United States v. Michael T. Flynn*, No. 17-cr-232 (EGS), under ECF Numbers 48-1, 48-2, 49-1 and 51-1 (collectively, the "Court Documents").

**Factual and Procedural Background**

On November 30, 2017, the Government, represented by attorneys from the Office of Special Counsel ("OSC"), filed an Information charging Defendant Michael T. Flynn (the "Defendant" or "General Flynn") with willfully and knowingly making false, fictitious, and fraudulent statements and representations to agents of the Federal Bureau of Investigation in Washington, D.C.  *See* ECF No. 1.

On December 1, 2017, the Government filed on the public docket a Plea Agreement and Statement of Offense, with an acknowledgment that the Statement of Offense was true and correct signed by General Flynn.  *See* ECF Nos. 3 and 4.

1

On February 14, 2018, the Government filed an unopposed motion for the Court to enter a protective order governing the production of discovery by the parties in the case. *See* ECF No. 19. The Court entered the protective order after the parties made certain changes requested by the Court. *See* Minute Order dated Feb. 14, 2018 and ECF No. 22.

On December 4, 2018, the Government filed its sentencing memorandum as to the Defendant, along with a redacted "Addendum to Government's Memorandum in Aid of Sentencing" (the "Addendum") which are docketed at ECF No. 46 and 46-1, respectively. The redacted Addendum states that it "describes the significance and usefulness of defendant Michael T. Flynn's assistance to the government and the timeliness of that assistance," which the Government describes as "substantial" and "merit[ing] consideration at sentencing." ECF No. 46-1 at 1. Substantial portions of the Addendum are redacted. *See id.* at 2-7

Also on December 4, 2018, the Government filed a Motion for Downward Departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines, explaining that the sealed Addendum was filed in support of that motion. ECF No. 47.

On December 12, 2018, the Court entered a Minute Order granting the Government's motion for leave to file an ex parte version of the Addendum (which had been docketed under seal at ECF No. 48-1) under seal and ex parte, and granting the Government's motion for leave to file the Addendum (which had been docketed under seal at ECF No. 48-2) under seal.

The same day, the Court entered a Minute Order allowing Defendant Flynn to file the unredacted version of his sentencing memorandum (which had been publicly filed in redacted form on December 11, 2018, at ECF No. 50, and in unredacted form at ECF No. 49-2) under seal.

Also on December 12, 2018, the Court entered a Minute Order noting that the Defendant's publicly-filed sentencing memorandum quoted from a "Memorandum dated Jan. 24, 2017" and a "FD-302 dated Aug. 22, 2017." The Court ordered the Defendant to file those documents on the docket, and further ordered the Government to file on the docket any other related documents. The Court stated that, if the parties wish to file such material under seal, they may file motions for leave to do so.

On December 14, 2018, the Government filed a Reply to the Defendant's sentencing memorandum, and attached as exhibits redacted version of the two documents referenced in the Court's December 12 Minute Order. *See* ECF No. 56.

On December 17, 2018, the Court issued a Minute Order finding that Defendant had established good cause to file documents he had received from the Government pursuant to the Protective Order under seal, and therefore granted the Defendant's motion to file certain documents and his response to the Order of the Court (which had been docketed at ECF No. 51-1) under seal.

On December 18, 2018, the Court held a sentencing hearing in which the parties agreed to adjourn the sentencing of the Defendant to a later date after his full cooperation with the Government is complete.

On March 12, 2019, the parties filed a Joint Status Report (ECF No. 71). In it, the Defendant requested a further adjournment of the sentencing to enable him to testify for the Government in a prosecution in the Eastern District of Virginia. The Government "t[ook] no position on the defendant's request for a continuance" and stated, "[h]owever, while the defendant remains in a position to cooperate with law enforcement authorities, and could testify

in the EDVA case should it proceed to trial, in the government's view his cooperation is otherwise complete." ECF No. 71 at 2.

On March 14, 2019, the Court issued a Minute Order requiring the parties to file another status report no later than June 14, 2019 to update the Court on the status of the Defendant's cooperation.

On March 22, 2019, the OSC concluded its investigation and submitted the final report of the investigation to the Attorney General. To date, all that has been seen publicly from that report are a few dozen words (from what is reportedly a more-than-300-page report) quoted in a letter from the Attorney General.

**Applicant's Interest in the Matter**

The profound public interest in these proceedings—and the OSC investigation in general—cannot be overstated. The investigation, which concerns the integrity of this country's elections, goes to the core of the interests protected by the First Amendment and has, accordingly, been the subject of extensive public comment and debate. The Post—along with most major news outlets in the country—has reported extensively on these proceedings, and has a strong interest in more fully reporting on these matters to the public.[1]

It is well-settled that the press has standing to challenge closure of court proceedings or sealing of court records. *See Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 609 n.25 (1982); *Wash. Post v. Robinson*, 935 F.2d 282, 289–90 (D.C. Cir. 1991); Local Criminal Rules

---

[1] *See, e.g.*, Spencer S. Hsu, et al., *Michael Flynn's sentencing delayed after judge tells the ex-Trump adviser he might not avoid prison time*, Wash. Post (Dec. 18, 2018), https://wapo.st/2EtK84T; Carol D. Leonig, *Federal judge seeks documents related to Michael Flynn's January 2017 interview with FBI agents*, Wash. Post (Dec. 12, 2018), https://wapo.st/2G8UycG; Carol D. Leonig, et al., *Mueller seeks no prison time for former national security adviser Michael Flynn, citing his 'substantial assistance'*, Wash. Post (Dec. 4, 2018), https://wapo.st/2G8UycG.

17.2(c) and 57.6. As further set forth in the accompanying Memorandum of Points and Authorities, the public has a qualified right of access to these judicial records under both the First Amendment and the common law. To the extent the Court cannot make specific findings establishing that a compelling interest requires continued sealing of the Court Documents, and that the redactions in place are narrowly tailored to achieve that interest, the Court should order the material unsealed. In addition, given the quick-moving nature of the OSC investigation and the intense public interest in these proceedings, the Post respectfully requests that the Court implement a procedure pursuant to which the parties must regularly reassess whether continued sealing of any material is necessary, and promptly seek unsealing should the reasons for any sealing dissipate.

**Relief Requested**

WHEREFORE, for the reasons stated herein and in the accompanying and Memorandum of Points and Authorities in support hereof, the Post respectfully requests that the Court enter an Order unsealing the requested Court Documents, to the extent the Court cannot determine that continued sealing of any of the sealed material meets the tests for closure under both the First Amendment and common law rights of public access to court proceedings and documents; and

WHEREFORE, the Post respectfully further requests that the Court implement a process for the Court and parties to regularly reassess whether continued sealing of any currently sealed material is necessary. In particular, at the time an event occurs that obviates the need for sealing—for example, the release of the final report of the OSC—the Government should be required to promptly notify the Court and seek unsealing as appropriate. And, in any event, the parties should be required to reassess the need for sealing on a reasonably regular basis, such as every four weeks.

<u>REQUEST FOR ORAL HEARING</u>

The Post respectfully requests an oral hearing on this Motion.

Dated: April 11, 2019

        Respectfully submitted,

        DAVIS WRIGHT TREMAINE LLP

        By:  /s/ Laura R. Handman

        Laura R. Handman (DC Bar No. 444386)
        Eric J. Feder (DC Bar No. 1048522)
        1919 Pennsylvania Avenue NW, Suite 800
        Washington, D.C. 20006
        Tel.: (202) 973-4200
        Fax:  (202) 973-4499
        Email:  laurahandman@dwt.com
        Email:  ericfeder@dwt.com

        *Attorneys for Petitioner WP Company d/b/a The Washington Post*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2019, I caused a true and correct copy of the foregoing Motion for Public Access to Certain Sealed Court records, as well as a true and correct copy of the Memorandum of Points and Authorities in support thereof and Proposed Order, to be served by U.S. Mail and electronic mail upon the following:

Counsel for Defendant Michael T. Flynn:

Robert K. Kelner
COVINGTON & BURLING LLP
850 Tenth Street, NW
One City Center
Washington, DC 20001
(202) 662-5503
Email: rkelner@cov.com

Stephen Pierce Anthony
COVINGTON & BURLING LLP
850 Tenth Street, NW
One City Center
Washington, DC 20001
(202) 662-5105
Email: santhony@cov.com

Counsel for the Government:

Brandon Lang Van Grack
U.S. DEPARTMENT OF JUSTICE
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 616-0800
Email: brandon.van.grack@usdoj.gov

Zainab Naeem Ahmad
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Room B-103
Washington, DC 20530
(202) 616-0800
Email: zna@usdoj.gov

Deborah A. Curtis

U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-6920
deborah.curtis@usdoj.gov

                                                          /s/ Eric J. Feder
                                                           Eric J. Feder