UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF WP COMPANY LLC d/b/a THE WASHINGTON POST FOR ACCESS TO CERTAIN SEALED COURT RECORDS | Misc. Action No. 19-0051 (EGS) |

**GOVERNMENT'S RESPONSE TO MOTION FOR PUBLIC ACCESS
TO CERTAIN SEALED COURT RECORDS**

The United States of America (hereinafter "the government") respectfully opposes, in part, the Washington Post's (movant) motion to unseal certain records in *United States v. Michael T. Flynn*, No. 17-cr-232-EGS (D.D.C.), and to establish a process for ongoing reevaluation of any remaining redactions.  In recognition of changes in circumstance, including the recent public release of information relating to the Special Counsel's investigation, the government has sought Court approval to disclose less-redacted versions of the three records at issue for which it previously asserted a compelling interest to seal.  As for the remaining limited redactions to those records, which the Court approved in December, they are narrowly tailored to protect specific compelling interests—including ongoing investigations and the privacy rights of uncharged third parties.  The movant does not dispute that such interests can be an appropriate basis to redact information from public disclosure.  Accordingly, further unsealing of the records is unwarranted at this time.

The movant also asks the Court to establish a "process" for ongoing reevaluation of redactions.  But the movant cites no authority for imposing this sort of ongoing process, which would ostensibly remain in place indefinitely and would impose reporting requirements on not just this Office but also other government components.  Instead, the government does not oppose holding this motion in abeyance until Defendant Michael T. Flynn's (the "defendant") sentencing

hearing, and notifying the Court at that time if there have been any material changes of circumstance that would render ripe and appropriate a ruling on the movant's requests.

**A.     Background**

In anticipation of a December 18, 2018 sentencing hearing for the defendant, the government and the defendant filed numerous documents with the Court to aid its sentencing decision. With the Court's approval, for some of those documents the parties filed a sealed version and corresponding public version with redactions, in order to protect specific compelling interests. As described below, four such documents are the subject of the motion at issue.

On December 4, 2018, the government filed its sentencing memorandum [ECF No. 46], and attached a partially-redacted document describing the assistance that the defendant had provided to the government—Addendum to the Government's Memorandum in Aid of Sentencing ("Addendum") [ECF No. 46-1]. As described in the government's sentencing memorandum, the Addendum was partially redacted in order to protect "sensitive information about ongoing investigations." ECF No. 46 at 2. Simultaneously, the government moved to partially seal the Addendum, and as part of that motion provided the Court with an unredacted version [ECF No. 48-1] and a less-redacted version [ECF No. 48-2], which it provided to defense counsel. The government's motion [ECF No. 48] described its specific compelling interests in partially sealing the document, as well as its efforts to tailor the request by publicly filing a partially redacted version of the Addendum. On December 12, 2018, the Court granted the motion since the government had "established good cause" to file the unredacted and less-redacted versions of the Addendum under seal. *See* 12/12/18 Minute Order.

On December 11, 2018, the defendant filed his sentencing memorandum [ECF No. 50]. The exhibits attached to the defendant's sentencing memorandum contained redactions. The

following day, the Court granted the defendant's request to file under seal an unredacted version of the memorandum and exhibits [ECF No. 49-1], for "good cause." *See* 12/12/18 Minute Order. The defendant's sentencing memorandum also referenced two government documents that he received in discovery pursuant to a Protective Order—a January 24, 2017 memorandum drafted by then-FBI Deputy Director Andrew McCabe ("McCabe Memo"), as well as a Form FD-302 describing an interview with former FBI Deputy Assistant Director Peter Strzok ("Strzok 302").

On December 12, 2018, the Court entered another Minute Order requiring the defendant to file on the docket the McCabe Memo and Strzok 302 that the defendant had received from the government (both documents that the defendant had received in discovery were partially redacted) [ECF No. 51-1]. Pursuant to a request from the government, the defendant moved [ECF No. 51] to file both documents under seal, with the understanding that the government would publicly file versions of the documents with slightly more redactions, which it did on December 14, 2018 [ECF Nos. 56-1, 56-2]. That same day the government provided the Court with specific compelling interests for filing the less-redacted versions of the documents [ECF No. 51-1] under seal. On December 17, 2018, based on the defendant's motion, the public filing of the documents with slightly more redactions, and the government's specific compelling interests, the Court entered a Minute Order granting the defendant's motion for good cause. *See* 12/17/18 Minute Order.

On April 12, 2019, the Washington Post moved to unseal four of the filings referenced above: the two versions of the Addendum [ECF Nos. 48-1 and 48-2], the defendant's sentencing memorandum and exhibits [ECF No. 49-1], and the McCabe Memo and Strzok 302 [ECF No. 51-1]. Below the government addresses three of the four filings to which it previously asserted having a specific compelling interest to redact certain information. The interests for sealing the fourth document, the defendant's sentencing memorandum and exhibits [ECF No. 49-1], were asserted

by the defendant. To the extent the defendant continues to assert that his sentencing memorandum and exhibits should remain partially sealed, the government has no objection to his request.

**B.     Argument**

Invoking both the First Amendment and the common law, movant seeks unsealing of the records described above from *United States v. Flynn*, No. 17-cr-232-EGS. Movant additionally asks the Court to establish a process for ongoing review of these redactions by the government and the Court. The motion should be denied, in part. The government has sought Court approval to disclose less-redacted versions of three of the records at issue.[1] The remaining limited redactions are necessary to protect ongoing investigations, the privacy rights of uncharged parties, and privileged material. Those limited redactions take into account the changes in circumstance identified by the movant. Additionally, the movant cites no authority for imposing an ongoing, and presumably everlasting, duty on the government and the Court to reevaluate those limited redactions.

**I.     The Movant Is Not Entitled to Additional Unsealing of the Records**

In seeking unredacted materials, the movant invokes (Mem. 4-12) a presumptive right of access to certain judicial proceedings based on both the First Amendment and the common law. However, the movant appears to agree that redactions may remain in place to protect specific compelling government interests, including ongoing investigations and the privacy of uncharged individuals. Because the existing redactions are already narrowly tailored to protect such interests, no further unsealing is warranted at this time.

---

[1] In this response, the government references three documents that it is seeking to disclose publicly, which pertain to the sealed court records at issue. The three documents contain information that is currently under seal. Accordingly, late in the evening on May 13, 2019, the government filed a sealed motion with this Court to disclose publicly all three documents. That motion is pending.

The parties and the Court did not seal these records in their entirety. Instead, the parties proposed, and the Court approved, tailored redactions to protect ongoing investigations, the privacy interests of uncharged third parties, and privileged material. These redactions were undertaken with great care, in an effort to make public as much of the records as possible. The movant has not disputed that some of the interests invoked in the sealing motions are compelling. *See Washington Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991) (ongoing investigations); *Matter of the Application of WP Co. LLC (Matter of Washington Post)*, 201 F. Supp. 3d 109, 123-127 (D.D.C. 2016) (privacy of uncharged parties); *see also Virginia Dep't of State Police v. Washington Post,* 386 F.3d 567, 579 (4th Cir. 2004) (ongoing investigations); *In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn*, 855 F.2d 569, 574 (8th Cir. 1988) (same); *cf. United States v. Briggs*, 514 F.2d 794, 802 (5th Cir. 1975) (criticizing the practice of naming unindicted coconspirators because doing so "accuse[s] persons of crime while affording them no forum in which to vindicate themselves."); *United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (under some circumstances, "the privacy interests implicated by disclosure may overcome the presumption of public access"); Justice Manual § 1-7.400(B) (stating Department of Justice policy against commenting on an ongoing investigation "before charges are publicly filed").

The government recognizes that since the Court's sealing orders in December, some circumstances have changed. In particular, the Special Counsel concluded his investigation of Russian interference in the 2016 election and related matters, and the Attorney General publicly released portions of the Special Counsel's report that describe aspects of that investigation. In light of this recent development, the government has reviewed the filings at issue to identify

previously redacted information for which there are no longer compelling interests to keep sealed. As described below, it has identified and unredacted such information in all three documents.

1. *Addendum to the Government's Memorandum in Aid of Sentencing*

The Addendum to the government's sentencing memorandum details the defendant's assistance to the government, including the defendant's cooperation pertaining to several ongoing investigations. In order to ensure that the government's request to seal the Addendum was narrowly tailored, the government filed on the public docket a redacted version of the Addendum, which omitted information where disclosure would threaten the integrity of those ongoing investigations.

In light of information that is now publicly available, the government has sought Court approval to disclose a new version of the Addendum that discloses most of the previously redacted information. The newly unredacted information reflects recent developments, including the public release of portions of the Special Counsel's report. The government's compelling interest in sealing the remaining limited redactions, however, has not changed since December when the Court approved the government's partial sealing request [ECF No. 48].

2. *The McCabe Memo and Strzok 302*

As part of his sentencing memorandum, the defendant referenced two partially-redacted documents that he received from the government in discovery—the McCabe Memo and Strzok 302.[2] Included in those documents were names of uncharged third parties and information subject to the deliberative process privilege. The government produced that information to the defendant, pursuant to a Protective Order, in order to comply with the Court's Standing *Brady* Order [ECF

---

[2] The redactions in the versions that the defendant received in discovery removed information that was not responsive to the Court's Standing *Brady* Order, and to protect classified information, information related to ongoing investigations, and information subject to a government privilege.

No. 20] and to fulfill the government's discovery obligations. Its efforts to share that information with the defendant in preparing his defense thus did not evince any intent to expose sensitive or deliberative information to public disclosure.

The defendant provided the Court, under seal, the two partially-redacted documents it received from the government [ECF No. 51-1], while the government sought leave to make limited additional redactions before those documents would be made public. The government explained that the additional redactions were necessary to protect individual privacy interests and to shield from public disclosure information protected by the deliberative process privilege. To ensure its request to partially seal the two documents was narrowly tailored, the government filed redacted versions of the documents [ECF Nos. 56-1, 56-2] that revealed to the public most of the information that was provided to the defendant, while respecting the numerous countervailing and compelling interests.

Having reexamined the documents, the government has sought Court approval to disclose less-redacted versions of both documents. With respect to the McCabe Memo, the government has sought Court approval to disclose the currently sealed memo [ECF No. 51-1, p. 4]. The government has also sought Court approval to disclose a new version of the Strzok 302 that contains fewer redactions. With respect to the remaining redactions in that document, no circumstances have changed since December that overcome the government's compelling interests, specifically, protecting individual privacy interests and shielding from public disclosure information protected by the deliberative process privilege.

**II.    The Court Should Not Impose an Ongoing Duty to Report and Review Redactions**

The movant additionally urges (Mem. 14-15) the Court to establish a Court-imposed "process" for ongoing review of the redactions. Specifically, the movant argues that the

government "should be required to promptly notify the Court with a public filing and motion to unseal when a major event in the investigation obviates a claimed basis for sealing and redaction." Mem. 15.  The movant asks that the parties should also be "required to assess" the need for redactions "on a reasonably regular basis—for example every four weeks." *Id.*

The movant cites no authority for imposing this ongoing process, which would impose a significant and indefinite burden on the government and, potentially, the Court.  The government is aware of its ongoing duty to review and make public previously-sealed information when the reasons set forth in a request for sealing are no longer extant.  However, to impose an ongoing obligation to report to the Court any event that could bear on any of those past redactions is unnecessary and unwarranted here.  The redactions at issue are intended to protect, in part, ongoing investigations that are being handled by other government offices.  It is unknown how long some of these investigations may remain ongoing, and what, if any, changes in circumstance would trigger movant's proposed reporting requirements to the Court.  And some of the interests that are being protected, including privacy interests, may persist indefinitely.

The movant's analogies only underscore the government's arguments.  The movant analogizes (Mem. 14) to 28 C.F.R. § 50.9, which generally directs Department of Justice attorneys to oppose holding certain kinds of closed proceedings, unless doing so is in the interests of justice. *See* 28 C.F.R. § 50.9.  The movant notes that where a proceeding is closed and its records are "remain sealed sixty days after termination of the proceeding," government attorneys should determine if the reasons for closure are still applicable and, if so, review that question every 60 days.  *See* 28 C.F.R. § 50.9(f).  But that directive concerns proceedings or portions of proceedings that remain entirely closed.  Here, none of the proceedings were closed and the Court has released filings containing limited redactions, making public much of the records at issue.  The

circumstances here are analogous to the many instances in which records are redacted or sealed to protect a variety of different interests. The government does not understand 28 C.F.R. § 50.9(f) to require indefinite, bimonthly review of every redaction in every transcript of a closed hearing—the analogy to what the movant seeks here.

It also bears noting that the government's proposed disclosures and representations in this response have taken into account the primary changed circumstance identified in the motion—the completion of the Special Counsel's investigation and the public release of his report.

The government, however, understands the movant's interest in the parties' reassessing whether the redactions are necessary. To that end, the government does not oppose holding this motion in abeyance until the defendant's sentencing hearing, at which point the government would file a status report notifying the Court whether any material changes in circumstances have occurred. But the government respectfully requests that the Court not impose a further and ongoing reporting requirement, as redundant to the government's existing obligations, and unnecessary under the circumstances.

## CONCLUSION

For the foregoing reasons, the motion should be denied in part or, in the alternative, held in abeyance until the defendant's sentencing hearing.

Respectfully submitted,

JESSIE K. LIU
U.S. Attorney for the District of Columbia

By: /s/ _____

Brandon L. Van Grack
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530

Deborah Curtis
Assistant United States Attorney
555 4th Street NW
Washington, D.C. 20530

Dated: May 14, 2019

## **CERTIFICATE OF SERVICE**

    I, Brandon L. Van Grack, certify that I caused to be served a copy of the foregoing by electronic means on counsel of record for the movant, WP Company LLC, on May 14, 2019.

                                           /s/
                               Brandon L. Van Grack
                               National Security Division
                               U.S. Department of Justice
                               950 Pennsylvania Ave., NW
                               Washington, DC 20530
                               (202) 233-0968

                               *Attorney for the United States of America*