UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF WP COMPANY LLC d/b/a THE WASHINGTON POST FOR ACCESS TO CERTAIN SEALED COURT RECORDS | Misc. Action No. 19-0051 (EGS) |

**MICHAEL T. FLYNN'S RESPONSE TO MOTION FOR PUBLIC ACCESS
TO CERTAIN SEALED COURT RECORDS**

Lt. General (Ret.) Michael T. Flynn, by and through his undersigned counsel, respectfully opposes, in part, the Washington Post's motion to unseal redacted portions of court records filed in *United States v. Michael T. Flynn*, 17-cr-232-EGS (D.D.C.) insofar as those redactions protect personally identifying information, such as social security numbers and home addresses, as well as sensitive military service records of individuals.

First, General Flynn opposes the Washington Post's motion to unseal Defendant's Memorandum in Aid of Sentencing and Exhibits [ECF No. 50]. These materials contain personally identifying information of General Flynn and individuals who submitted letters to the Court to provide the Court with their personal accounts of his character and service to his country.

Second, General Flynn opposes establishing a process for ongoing reevaluation of the redactions of personally identifying information in the Defendant's Memorandum in Aid of Sentencing and Exhibits because the nature of these materials and the basis for redacting them will not change over time.

1

General Flynn does not have sufficient information to evaluate the basis and cause for the Government's redactions in the other court records that the Washington Post has requested that the Court unseal, some of which General Flynn and his counsel have never seen in unredacted form [ECF Nos. 48-1, 48-2, 51-1].  As a result, while he favors maximum transparency concerning records related to his case that do not involve personally identifying information of individuals, General Flynn takes no position with respect to the Washington Post's request to release unredacted versions of those court records submitted by the Government.

**I.      Background**

On December 1, 2017, General Flynn entered a pre-indictment guilty plea to one count of violating 18 U.S.C. §1001 and entered into a cooperation agreement with the Government.  After more than a year of extensive cooperation pursuant to that agreement, in addition to his extensive pre-plea cooperation with the Government, the Court scheduled General Flynn's sentencing hearing on December 18, 2018.  In connection with that hearing, General Flynn and the Government filed several documents with the Court to aid the Court's sentencing decision.

On April 12, 2019, the Washington Post moved to unseal four documents filed by the parties in connection with General Flynn's sentencing:

1. The Addendum to the Government's Memorandum in Aid of Sentencing [ECF No. 48-1], provided to the Court without redactions and filed partially under seal on December 4, 2018;

2. Addendum to the Government's Memorandum in Aid of Sentencing [ECF No. 48-2], provided to the Defendant with redactions and filed partially under seal on December 4, 2018;

3. Defendant's Memorandum in Aid of Sentencing and Exhibits [ECF No. 50], filed partially under seal on December 11, 2018; and

4. A January 24, 2017 memorandum drafted by former FBI Deputy Director Andrew McCabe ("McCabe Memorandum") and a Form FD-302 of an interview with

>former FBI Deputy Assistant Director Peter Strzok ("Strzok 302"), filed partially under seal on December 12, 2018 [ECF No. 51-1].

The Washington Post further asked the Court to establish a process for ongoing reevaluation of any remaining redactions.

On May 14, 2019, the Government opposed, in part, the Washington Post's April 12, 2019 motion. The Government recognized that certain changes in circumstances warranted disclosure of less-redacted versions of three records that the Washington Post requested the Court to unseal: the two versions of the Government's Memorandum in Aid of Sentencing, the McCabe Memorandum, and the Strzok 302 [ECF Nos. 48-1, 48-2, 51-1]. Accordingly, the Government moved for leave to file these less-redacted documents with the Court. On May 16, 2019, the Court granted the Government's motion, and these documents are now available on the public docket. The Government maintains that there is a "compelling interest" for the remaining redactions in those materials. Gov't Memo at 1. With respect to the Defendant's Memorandum in Aid of Sentencing, the Government states that, "[t]o the extent the defendant continues to assert that his sentencing memorandum and exhibits should remain partially sealed, the government has no objection to his request." *Id.* at 4.

Finally, the Government opposed establishing an ongoing process for reevaluating remaining redactions and, alternatively, did "not oppose" holding this motion "in abeyance until [General Flynn's] sentencing hearing." *Id.* at 1-2.

**II.     Argument**

The Defendant's Memorandum in Aid of Sentencing and Exhibits should remain partially sealed. These redactions are necessary and narrowly-tailored to protect the privacy interests of General Flynn and some of the 50 individuals who submitted letters of support for the Court's

review and consideration in connection with sentencing. Further, those redactions should not be subject to an ongoing reevaluation process because the nature of those materials, and the basis for redacting personally identifying information, will not change over time.

### A. The Washington Post is Not Entitled to Unsealing of Defendant's Memorandum in Aid of Sentencing and Exhibits

While generally there is a presumptive right of access to court records, this right is not absolute. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). Courts have broad discretion to deny public access to court records to protect an individual's privacy interests. *See* Fed. R. Crim. P. 49.1(a); *McConnell v. Fed. Election Comm'n*, 251 F. Supp. 2d 919 (D.D.C. 2003).

In this case, Exhibits A and B to the Defendant's Memorandum in Aid of Sentencing contain redactions for the personally identifying information and other sensitive information relating to General Flynn and authors of letters of support, including home addresses, email addresses, social security numbers, phone numbers, and sensitive military service information regarding current and former military personnel. The privacy interest in these redactions has not changed since the Court approved General Flynn's request to partially file these materials under seal in December 2018. At that time, General Flynn proposed very limited redactions of personally identifying information. As a result, the redactions are narrowly tailored to serve a compelling interest in protecting individuals' personal privacy.

Almost all of the redactions are required under Federal Rule of Criminal Procedure 49.1. *See* Fed. R. Crim. P. 49.1(a) (requiring redaction of social-security numbers, taxpayer-identification numbers, birth dates, names of minors, financial-account numbers, and home addresses). The remaining redactions consist of phone numbers and sensitive military service

4

details[1] regarding General Flynn and individuals who chose to submit letters to the Court providing their personal account of General Flynn's character and service to his country during his 33-year military career. This information presents similarly compelling privacy concerns. *See, e.g.*, *Albino v. United States*, 93 Fed. Cl. 405, 411 (2010) (sealing of military records); *McConnell v. Fed. Election Comm'n*, 251 F. Supp. 2d 919, 947 (D.D.C. 2003) (sealing of phone numbers, fax numbers, bank account and credit card information, e-mail addresses, and general mailing addresses); *Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017) (sealing of phone numbers, e-mail addresses, and social media accounts). Therefore, the Washington Post's request to unseal with respect to the Defendant's Memorandum in Aid of Sentencing and Exhibits should be denied.

### B. The Washington Post is Not Entitled to an Ongoing Review Process to Reevaluate the Redactions in Defendant's Memorandum in Aid of Sentencing and Exhibits

The Washington Post proposes, without citation to authority, that the Court should impose a process for ongoing review of redactions. With respect to General Flynn, the Washington Post urges that the Court establish a process for "the Court and parties to regularly reassess" the need for remaining redactions "on a reasonably regular basis—for example every four weeks." Mov. Memo at 15. There would be no purpose in devoting the Court's limited resources to a monthly review of redactions of personally identifying information and the redacted portions of personal military service records, all of which the Court was able to review in full at the time that they were filed under seal. The personal privacy interests justifying those redactions have not changed since the Court approved the redactions in December 2018, and the

---

[1] For example, certain details regarding the military service assignments of General Flynn and of one author of a letter of support are reflected on page 4 of Exhibit A4 and in Exhibit B1.

Washington Post's basis for seeking access to those materials will not change over time. As a result, the Washington Post's request for an ongoing review to reevaluate redactions should be denied with respect to the Defendant's Memorandum in Aid of Sentencing and Exhibits.

## CONCLUSION

For the foregoing reasons, the motion should be denied in part.

May 21, 2019                                              Respectfully submitted,

/s/

Robert K. Kelner (D.C. Bar No. 466880)
Stephen P. Anthony (D.C. Bar No. 426536)
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
(202)-662-5503

*Counsel for Michael T. Flynn*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of May 2019, a true and accurate copy of the foregoing Response to Motion to Unseal Certain Public Records was delivered electronically to counsels of record for the Washington Post and for the United States:

Brandon L. Van Grack, Esq.
National Security Division
U.S. Department of Justice
BVG@usdoj.gov
(202) 616-0800

Deborah Curtis, Esq.
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
deborah.curtis@usdoj.gov
(202) 252-6920

Eric J. Feder, Esq.
Davis Wright Tremaine LLP
ericfeder@dwt.com
(202) 973-4273

Laura Rose Handman, Esq.
Davis Wright Tremaine LLP
laurahandman@dwt.com
(202) 973-4224

/s/

Robert K. Kelner
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000

*Counsel for Michael T. Flynn*