UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------------ x
:
:  Misc. Action No. 19-mc-0051 (EGS)
IN THE MATTER OF THE APPLICATION OF :
WP COMPANY LLC d/b/a THE :
WASHINGTON POST FOR ACCESS TO :
CERTAIN SEALED COURT RECORDS :
:
:
:
------------------------------------------------------------ x

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION
FOR PUBLIC ACCESS TO CERTAIN SEALED COURT RECORDS**

Movant The Washington Post[1] submits this reply memorandum in further support of its motion (the "Motion") for access to certain sealed court record filed in *United States v. Michael T. Flynn*, Criminal Action No. 17-cr-232 (EGS) (D.D.C.) (the "Flynn Case"), in order to briefly address and clarify certain issues raised by the parties in their responses to the Motion.

**First**, the Post appreciates that the Government and Court expeditiously took steps to partially unseal some of the redacted material from the Court Documents in light of changed circumstances, including the disclosure of information to the public through the release of the redacted version of the Office of Special Counsel Report On The Investigation Into Russian Interference In The 2016 Presidential Election (the "Mueller Report") in April 2019.  However, the interests of the Post and public in access to the still-redacted portions of the Court Documents remains no less acute.  The parties do not dispute that the First Amendment right of access applies to these documents, which the Court has expressly stated are relevant to its sentencing of the Defendant.  *See* Post Mem. at 5-7.  Accordingly, in order to justify continued sealing of the information in this case, the Court must determine for itself, based on "specific findings" on the

---

[1] Capitalized terms bear the same definitions as in the Post's Memorandum of Points and Authorities in Support of Motion for Public Access to Certain Sealed Court Records (ECF No. 1-1) ("Post Mem.").

1

record, that such sealing "is narrowly tailored and essential to preserve a compelling government interest." *Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991) (citation omitted). *See also Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 510 (1984).  As the D.C. Circuit explained in an analogous context, "[i]t is the court, not the Government, that has discretion to seal a judicial record, which the public ordinarily has the right to inspect and copy," and the Government must therefore "give the court a basis for withholding [such documents] from public view." *Parhat v. Gates*, 532 F.3d 834, 851, 853 (D.C. Cir. 2008) (citations omitted).

**Second**, the Government asserts that the Post "appears to agree that redactions may remain in place to protect specific compelling government interests, including ongoing investigations and the privacy of uncharged individuals." Government's Response to Motion, ECF No. 8 ("Gov't Resp.") at 4.  Although the Post acknowledges that courts have found those interests to be compelling in certain cases, this Court must nevertheless determine whether those interests are sufficiently compelling to justify the continued sealing of the specific information in this case.  In particular, mere invocation of the fact that ongoing investigations exist is insufficient—the Court must be satisfied that disclosure of the information actually could "threaten the integrity of those ongoing investigations," Gov't Resp. at 6, and that all proposed redactions are necessary to avoid that result.

Similarly, generic third-party "privacy" interests may not be sufficient to justify sealing in an already-high profile case like this one, where those third parties likely include prominent members of the U.S. President's campaign and administration whose involvement in the investigation is already a matter of public record.  Certainly, this case is a far cry from a situation where heretofore unknown third parties will suddenly be subject to "the stigma of having [their] name[s] associated with a criminal investigation." *Citizens for Responsibility & Ethics in*

*Washington v. U.S. Dep't of Justice*, 746 F.3d 1082, 1091 (D.C. Cir. 2014).[2]  Accordingly, the mere fact that an individual was not ultimately indicted does not automatically mean that any mention of their name may be redacted.

In addition, in its Response, the Government for the first time asserts that certain of the Court Documents have been redacted in order to protect the "deliberative process privilege." Gov't Resp. at 6-7.  The "deliberative process privilege" is typically invoked as an exemption to the general disclosure requirements of the Freedom of Information Act, 5 U.S.C. § 552(b)(5). *See, e.g.*, *Pub. Emps. for Envtl. Responsibility v. EPA*, 288 F. Supp. 3d 15, 23 (D.D.C. 2017). But the Post was unable to locate a single case in which the deliberative process privilege was held to justify sealing of a document subject to the First Amendment (or common law) right of public access to court proceedings and documents.

In sum, the Post acknowledges that compelling interests may justify continued sealing of *some* of the information in the Court Documents.  But the Court must determine whether the Government has met its burden to show that the sealing of all of the specific information in this case is narrowly tailored to serve those interests.

**Third**, the Post appreciates the further clarity from the parties as to the specific nature of the documents that were filed under seal in the underlying case.  Based on those clarifications, as

---

[2] Moreover, courts have held that "privacy and reputational concerns typically don't provide sufficient reason to overcome a qualified First Amendment right of access." *United States v. Loughner*, 769 F. Supp. 2d 1188, 1196 (D. Ariz. 2011) (citing *In re Application of N.Y. Times Co. for Access to Certain Sealed Court Records*, 585 F. Supp. 2d 83, 93 n.14 (D.D.C. 2008) (citing *In re McClatchy Newspapers, Inc.*, 288 F.3d 369, 374 (9th Cir. 2002) (stating in a common law right of access case that "injury to official reputation is an insufficient reason for repressing speech that would otherwise be free")); *see also In re Special Proceedings*, 842 F. Supp. 2d 232, 245 (D.D.C. 2012) (holding that prosecutors' "privacy and reputational interests" did not constitute a "compelling interest that would meet their high burden to justify keeping the Report [of an investigation into possible prosecutorial misconduct] under seal" under First Amendment).

well as the Court's orders in the Flynn Case of May 16, 2019, the Post filed a filed a supplemental motion for access to an additional document filed in the case. *See* ECF No. 11. As explained in that motion, the legal arguments for access to that document are the same as those set forth in the Post's original Motion. *See id.* at 2-4. In addition, based upon the representations of the Defendant in his response to the Motion, and a review of the redactions to the Defendant's Sentencing Memorandum, the Post is prepared to withdraw its request to unseal the unredacted version of that document, which was filed in the underlying Flynn Case, ECF No. 49-1.

**Fourth**, the Government objects to the imposition of any ongoing obligation to report on the continued necessity of sealing, and asserts that the Post cited no "authority" for the imposition of such a "process." The Government proposes as an alternative that the Court hold the Motion in abeyance pending the sentencing of the Defendant. The Post disagrees with this proposal.

As an initial matter, the "authority" for making such a proposal is the First Amendment right of access to judicial proceedings, and the widely recognized principle that, "once found to be appropriate, access should be immediate and contemporaneous." *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994); *see Robinson*, 935 F.2d at 287 (acknowledging "the critical importance of *contemporaneous* access" to the fulfillment of "the public's role as overseer of the criminal justice process"); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126-27 (2d Cir. 2006) (collecting cases). Here, the Government has asserted that much of the material must remain sealed to protect ongoing investigations. But, as courts have recognized, "the government's interest in its ongoing investigation does not ongo forever." *United States v. Moten*, 582 F.2d 654, 661 (2d Cir. 1978). Indeed, it is the Government that does not—and cannot—cite any "authority" for the proposition that court

documents of profound interest to the public and to which the First Amendment right of access applies can be kept under seal permanently, even once the ostensible basis for sealing the documents expires. *See Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 947 (9th Cir. 1998) ("[T]ranscripts of public trial proceedings must be released when the factors militating in favor of closure no longer exist.").

The need for some form of process to facilitate subsequent review of the appropriateness of sealing in this case is animated by two practical realities:  First, the profound public interest in understanding these proceedings as fully as possible is undeniable.  To the extent imposing an administrative burden may not be justifiable in every case, it surely is here.  Second, the Government is the only party in a position to know whether the asserted bases for sealing remain in place, because only the Government will know when the "ongoing" investigations that relate to the redactions end.

As the proponent of sealing presumptively public court documents, the Government bears the "burden of demonstrating a compelling interest to justify sealing." *Robinson*, 935 F.2d at 283.  Meeting that burden of proof on a going-forward basis may well entail some administrative burden.  But the fact that properly vindicating the public's First Amendment right to access these Court Documents may impose some burden on the Government is not a reason to allow the Court Documents to remain indefinitely sealed without justification. *Cf. United States v. Camick*, 796 F.3d 1206, 1213 n.5 (10th Cir. 2015) (rejecting Government's request that supplemental record in case be sealed in its entirety "because review or redaction would be unduly burdensome and costly," because this argument "overlooks" the presumption of access to judicial records); *United States v. Valenti*, 987 F.2d 708, 715 (11th Cir. 1993) (rejecting government's argument that court must "avoid binding the district court to any formal procedure

[for docketing court filings] that is unduly burdensome," because the docketing procedure then in place "is inconsistent with affording the various interests of the public and the press meaningful access to criminal proceedings").

Nevertheless, as a potentially less "burdensome" alternative to the imposition of a longer-term, ongoing requirement for the Government to report back to the Court on the need for continued sealing, the Post respectfully proposes that the Court set a "sunshine date" by which any still-sealed information must be unsealed absent a showing by the Government or other interested party that continued sealing is justified. The Post respectfully proposes further that this date be set as one week after the Defendant is sentenced by this Court or three months from the date the Court resolves this Motion—whichever is sooner. That is precisely what Chief Judge Howell ordered just last week in response to an application for access to sealed warrant materials related to the investigation and prosecution of President Trump's former attorney, Michael D. Cohen. *See In re Application for Access to Certain Sealed Warrant Materials*, No. 19-mc-44 (BAH), 2019 WL 2184825, at *3 (D.D.C. May 21, 2019). In that case, the Government stated it "ha[d] no objection to submitting a status report on the need for continued sealing on whatever date the Court deems appropriate." *Id.* (internal quotation marks omitted). Accordingly, the court ordered the Government to submit such a status report three months after the order. *See id.* The Post would not object to a similar approach in this case.[3]

In any event, the Post does not believe that this Motion should be held in abeyance in the meantime. To the extent that the Government has not met the standards to justify continued sealing of the information that remains redacted from the Court Documents, that material can

---

[3] Because the Post withdraws its request to further unseal the Defendant's sentencing memorandum, no "sunshine date" or other future reporting obligation is necessary with respect to the redactions to that document.

and should be unsealed without delay.  And even if compelling interests justify sealing as of today, the Court's analysis and findings as to which interests are and are not sufficiently compelling to justify sealing would provide helpful guidance for the parties in determining when information can be further unsealed in the future as circumstances change.

## CONCLUSION

The Post's Motion should be granted, and the Court Documents should be unsealed in full, to the extent the Court is not able to make specific findings that continued sealing of the information is narrowly tailored to serve compelling interests.  The Court should also implement a process for further review of the necessity for continued sealing.  At a minimum, the Court should set a "sunshine date" of no later than one week after the Defendant is sentenced or three months from the date the Court resolves this Motion, whichever is sooner, at which time the Government must submit a status report explaining the need for any continued sealing of the Court Documents or, otherwise, move to have those documents unsealed.

Dated: May 31, 2019

                                             Respectfully submitted,

                                             /s/ Laura R. Handman
                                             Laura R. Handman (DC Bar No. 444386)
                                             Eric J. Feder (DC Bar No. 1048522)

                                             DAVIS WRIGHT TREMAINE LLP
                                             1919 Pennsylvania Avenue, N.W., Suite 800
                                             Washington, DC  20006-3401
                                             (202) 973-4200
                                             (202) 973-4499 (fax)
                                             laurahandman@dwt.com
                                             ericfeder@dwt.com

                                             *Attorneys for Defendants WP Company LLC*
                                             *d/b/a The Washington Post*