UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF WP COMPANY LLC d/b/a THE WASHINGTON POST FOR ACCESS TO CERTAIN SEALED RECORDS | Misc. Action No. 19-51 (EGS) |

## GOVERNMENT'S STATUS REPORT REGARDING
## NEED TO CONTINUE LIMITED SEALING OF RECORDS

Pursuant to this Court's Order of September 12, 2019, the government submits this status report regarding the further unsealing of records submitted to the Court in *United States v. Michael T. Flynn*, No. 17-cr-232-EGS (D.D.C.). During the course of these proceedings, the government has moved to unseal a substantial portion of the material at issue, including most recently on December 10, 2019. The need for the limited redactions that remain has not changed since the Court last considered the matter. These remaining redactions remain necessary to protect ongoing investigations, privacy rights, and government deliberations.

### BACKGROUND

This is a miscellaneous action seeking public access to documents filed with the Court in *United States v. Michael T. Flynn*, No. 17-cr-232-EGS (D.D.C.). In anticipation of the then-scheduled sentencing of Flynn, the government and Flynn filed a number of documents with the Court to aid in its sentencing decision. With the Court's approval, for some of those documents the parties filed a sealed version and corresponding public version with redactions, in order to protect specific compelling governmental interests.

On April 12, 2019, the Washington Post filed this miscellaneous action and moved to unseal several of those filings. The government opposed the motion in part. *See* Doc. 8. In light of certain changed circumstances, including the public release of information regarding the Special


Counsel's investigation, the government moved to lift a number of redactions on the documents at issue, but represented that certain limited redactions remained necessary to protect ongoing investigations, the privacy rights of uncharged third parties, and deliberative material. *Id.* at 1, 4-7; *see Flynn* Doc. 74 (government's motion to unseal); *see also* Doc. 11 (supplemental motion by Washington Post); Doc. 15 (government's response to supplemental motion); *Flynn* Doc. 85 (further government motion to unseal).

On June 24, 2019, the Court held a hearing on this matter. The Court noted "the efforts the government has made to release information," 6/24/19 Tr. 18, and the government addressed the specific compelling interests in those limited remaining redactions—ongoing investigations, personal privacy, and the protection of internal government deliberations typically covered by the deliberative process privilege. *Id.* at 18-26.

Pursuant to the Court's Order issued the same day, the parties filed a joint proposal confirming what materials remained at issue and suggesting an ongoing process to address any further unsealing. *See* Doc. 20. That proposal clarified that the only materials at issue were a portion of the Addendum to the Government's Memorandum in Aid of Sentencing (*Flynn* Doc. 75) ("Sentencing Addendum"), and the August 22, 2017 Form FD-302 of the interview with former FBI Deputy Assistant Director Peter Strzok (*Flynn* Doc. 77) ("Strzok 302"). The proposal laid out a two-stage process for addressing the remaining redactions.

On September 12, 2019, the Court issued its order. *See* Doc. 22. Pursuant to that Order, the government must file a status report by the sooner of December 11, 2019, or 20 days after Flynn's sentencing, explaining any need for continued sealing of the two documents still at issue. *Id.* at 1. Within the later of 90 days of that status report or 20 days after Flynn's sentencing, those redactions will be lifted as a default, absent a showing why further sealing is warranted. *Id.*

**DISCUSSION**

Limited redactions to two documents remain at issue.  These are (1) the Sentencing Addendum (filed in redacted form at *Flynn* Doc. 75; unredacted form at *Flynn* Doc. 46.1), and (2) the Strzok 302 (filed in redacted form as *Flynn* Doc. 77; "unredacted" form as *Flynn* Doc. 51.1).[1]  The need for these limited redactions has not changed since June 24, 2019, and remains ongoing.

Limited information in the Sentencing Addendum remains redacted to protect ongoing investigations.[2]  *See* 6/24/19 Tr. 19; Doc. 8 at 6.  These investigations remain ongoing, and the disclosure of the redacted information would threaten the integrity of those ongoing investigations.  A portion of the redactions also would reveal a matter before the grand jury, and is therefore covered by Federal Rule of Criminal Procedure 6(e).[3]

---

[1] The "unredacted" Strzok 302 is the record that the government provided to the defense, which itself contained redactions. As the government previously informed the Court, the redactions in the version that the defendant received in discovery removed information that was not responsive to the Court's Standing Order, and to protect classified information, information related to ongoing investigations, and information subject to a government privilege. *See, e.g.*, Doc. 8 n.2.  The defendant provided that document to the Court at its request.  The "unredacted" version therefore contains redactions, but is the version that is part of the record.

[2] The government is seeking to disclose publicly information in the Sentencing Addendum that is currently under seal.  Late in the evening on December 10, 2019, the government filed a sealed motion with this Court to disclose publicly a new version of the Sentencing Addendum with fewer redactions. That motion is pending.

[3] There is "no First Amendment right of access to grand jury proceedings." *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 499 (D.C. Cir. 1998); *see In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 154 (D.C. Cir. 2007).  The First Amendment creates a qualified right of access to judicial proceedings that "have historically been open to the press and general public," and where "public access plays a significant positive role in the functioning of the particular process in question." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986).  But grand jury proceedings have historically been closed to the public. *See Levine v. United States*, 362 U.S. 610, 617 (1960); *see also Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979).  And "'the proper functioning of our grand jury system depends on the secrecy of grand jury proceedings.'" *Press Enterprise*, 478 U.S. at 9 (quoting *Douglas Oil*, 441 U.S. at 218).  The common law also does not apply to "proceedings involving a grand jury" and would, in any event,

Limited information in the Strzok 302 is redacted to protect privacy interests and to protect internal government deliberations. *See* Doc. 8 at 2; 6/24/19 Tr. 19-24. As the government explained at the June 24 hearing, information concerning government deliberations is shielded to ensure that government officials can freely recommend, consider, and discuss decisions without fear of those internal discussions later being made public. *Id.* at 21-24. These redactions therefore serve to prevent the chilling effect of releasing internal deliberations. *Id.* at 22-23, 23-24, 25-26.

        Respectfully submitted,

        JESSIE K. LIU
        United States Attorney
        D.C. Bar No. 472845

        By: */s/*
        Brandon L. Van Grack
        Special Assistant U.S. Attorney
        U.S. Department of Justice
        950 Pennsylvania Ave., NW
        Washington, DC 20530
        (202) 233-0968

        Jocelyn Ballantine
        Assistant United States Attorney
        555 4th Street NW
        Washington, D.C. 20530
        (202) 252-7252

Dated: December 10, 2019

---

be governed by Rule 6(e)(5) and Rule 6(e)(6) of the Federal Rules of Criminal Procedure. *Dow Jones*, 142 F.3d at 504 (citation omitted).

**CERTIFICATE OF SERVICE**

    I, Jocelyn Ballantine, certify that I caused to be served a copy of the foregoing by electronic means on counsel of record for the movant, WP Company LLC, on December 10, 2019.

                                                                             /s/
                                            Jocelyn Ballantine
                                            Assistant United States Attorney
                                            555 4th Street NW
                                            Washington, D.C. 20530
                                            (202) 252-7252

                                            *Attorney for the United States of America*